JAMES MATTINGLY *v.* NANCY LEE'S ADM'R.

**Wills—Probate—Sale of Real Estate—Judgment.**

> After a will directing the sale of land is probated, and before the probate of such will is annulled upon the appeal of those contesting its validity, it is legal for the executor to sell the land as directed by the will, and such sale will be upheld.

**Judgment.**

> A judgment directing the sale of real estate by an executor or administrator, is invalid which fails to prescribe the time that the property should be advertised for sale.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 11, 1874.

OPINION BY JUDGE PRYOR:

The sale of the land to the appellant was made after the probate of the will, and before it was annulled upon the appeal by those contesting its validity; in fact, no step had been taken by those hostile to the will for the purpose of setting it aside at the time the administrator with the will annexed and the appellant entered into the contract.

A part of the purchase money was paid, and the possession of the land allowed to the latter, who has continued to occupy the land since that time, and is now in the possession. In the case of *Wood's Admr., v. Nelson's Admr., et al.,* 9 B. Mon. 605, it was held that the probate of a will before a competent tribunal was such a judgment as that sales made by the executor or administrator could not be invalidated by a subsequent reversal. The latter clause of Sec. 14, Art. 2, Chap. 37, Rev. Stat., cannot be made to apply to the present case. It provides "that pending a suit or procedure to set aside or reject a will, there shall be no power to sell the lands or slaves of the deceased except by a decree of court." When this sale was made no such proceeding was pending; and besides, this same section provides that all "lawful acts done by an executor or adminis-

trator, although the will from which the power to act is shown is afterwards declared invalid, shall remain valid and effectual, and only restricts the power of the executor or administrator, with the will annexed in case where an action to reject the will is pending." This provision of the statute, instead of invalidating the acts of the administrator, legalizes all his lawful acts done whilst the judgment of probate remained *unreversed,* in the absence of any proceeding intended for that purpose.                    .

The probate of the will gave the administrator, with the will annexed, the power to carry out its provisions, and there can be no question but what the purchaser in this case could compel the present administrator, with the will annexed, to comply with the contract made by the administrator under and by virtue of the provisions of the first will, although that paper had been declared invalid.

The rejected paper, as well as the one probated as the true will, authorized a sale of the land, and although the mode and terms of sale were not identical, still the direction to sell was absolute and unconditional in each paper; and a mere departure from the terms of sale by the executor or administrator under either paper, in no manner affecting the substantial rights of those interested or the title of the purchaser, will not authorize the chancellor to disregard it. "The testator's directions, with regard to the manner of the sale, may be reasonably varied by the executor, where such variance is calculated to facilitate or expedite the accomplishment of the purpose of the testator, and will work no injury to the estate or parties interested. *Richardson, et al., v. Haydon, et al.,* 18 B. Mon. 242. The act of February, 1866, Myer's Supp. 716, authorized this estate to be ordered into the hands of the sheriff, and to be administered by him; and for the performance of such a duty he is liable on his official bond. The appellant, although he alleges that the boundary of his land is defective, does not point out in what this defect is, nor does he pretend to assert that he is not in possession of all the land sold him.

The title being such as he must accept, the judgment would not be disturbed but for the failure to prescribe the terms of sale, etc., in the judgment.

The judgment directs the land, or so much as may be necessary, to be sold at the court house door in Owensboro, after advertising it at three public places in the county, one of which is to be posted in the vicinity of the land. The credit is to be of nine and eighteen months, taking bond with surety, etc. It is true this is unlike the

sale of attached property, where the law requires the time and place of sale to be mentioned in the judgment, or in actions to foreclose a mortgage on real property, where the sale is not to be on less time than three or more than twelve months, or in instalments equivalent to not more than twelve months' credit on the whole. But the chancellor, in rendering the judgment, has failed to prescribe the time that the property should be advertised for sale, and the commissioner is thus left to exercise his own discretion in this regard. Such a discretion the chancellor alone can exercise, and not the commissioner. The judgment is *reversed* and cause remanded with directions to enter a judgment as herein indicated.

*Ray & Walker, for appellant.*
*W. S. Darnaby, J. T. Robinson, A. Duvall, for appellee.*